Filed 1/21/25  P. v. Cruz CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LUIS CANONIZADO CRUZ III,<br><br>    Defendant and Appellant. | E083958 & E083959<br><br>(Super.Ct.Nos. SWF2007520 &<br>SWF2100159)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  John M. Monterosso, Judge.  Affirmed.

Jo Pastore, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In this *Anders/Wende* matter,[1] defendant and appellant Luis Canonizado Cruz III appeals from the trial court's probation violation finding. Our independent review under those authorities discloses no issue of arguable merit on which to request briefing by the parties. (See *People v. Johnson* (1981) 123 Cal.App.3d 106, 109 ["an arguable issue" requires "a reasonable potential for success" on appeal].) We therefore affirm the trial court's ruling.

## BACKGROUND AND OUR REVIEW

In September 2020, a felony complaint in case No. SWF2007520 alleged defendant committed possession-for-sale offenses involving heroin (count 1, Health & Saf. Code, § 11351) and methamphetamine (count 2, Health & Saf. Code, § 11378), both while armed with a shotgun (Pen. Code, § 12022, subd. (c)). Less than a year later, in February 2021, an additional three-count felony complaint in case No. SWF2100159 alleged violations for possession for sale of a controlled substance (Alprazolam); possession of drug paraphernalia; and possession of methamphetamine. (Health & Saf. Code, §§ 1137, subd. (b)(1); 11364, subd. (a); 11377, subd. (a).) The latter complaint included an allegation that defendant committed the offenses while released on bail. (Pen. Code, § 12022.1.)

Defendant negotiated a plea and, on July 20, 2022, pled guilty to the first count in each complaint and admitted the respective allegations as to those counts, with the remaining charges dismissed in both cases. Pursuant to his plea, defendant obtained a

---

[1] *Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.

combined suspended sentence of five years eight months, pending successful completion of 24 months on formal probation. His relevant probation conditions included that he violate no laws and, as he expressly agreed, that he complete a six-month residential treatment program.

The probation department filed a complaint in March 2024 alleging defendant violated probation by failing to complete the required treatment program, despite leaving a voicemail with his probation officer in August 2022 verifying he would do so. The trial court heard testimony and made various findings, including that the probation department specifically directed defendant to enroll in a treatment program within 40 days of a meeting on January 24, 2023. Further, while defendant was remanded to custody on a different matter nine months later in late September 2023, remaining there until his revocation hearing, defendant did not enroll in a treatment program when he had opportunities to do so, despite being provided resources by the department. The court revoked defendant's probation and lifted the stay on execution of his custody term.

Defendant appealed and appointed appellate counsel filed the no-issue brief as noted, after consulting with Appellate Defenders, Inc. Counsel suggests generically as a potential issue for our review whether the trial court abused its discretion in revoking probation and requiring defendant to serve the agreed term.

Pursuant to *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error. We are satisfied that defendant's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Id*. at p. 126; *People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

## DISPOSITION

The trial court's probation revocation decision is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____

J.

We concur:

RAMIREZ _____

P. J.

RAPHAEL _____

J.